MEMORANDUM OF DECISION ON PLAINTIFF’S MOTION TO PRECLUDE EXPERT WITNESS and DEFENDANT’S OBJECTION THERETO
GUERNSEY, C.J.
Defendant’s Memorandum of Law in Support of Objection to Motion to Preclude Expert Witness asserts that in the instant case the Plaintiff has a significant history of spinal surgeries predating the accident that forms the basis of the instant action. At issue is Defendant’s Disclosure of Expert Witness that identifies three large institutions[1] and one medical practice [2] as expert witnesses. Defendant asserts that its Disclosure satisfies MRCP § 28(d)(4)(B), despite the fact that its disclosure does not identify any witness whatsoever. The Defendant’s position is the provision regarding satisfaction of disclosure by “disclosure of medical records of a health care provider who has rendered care or treatment to the plaintiff’ obviates the disclosure of who the witness might be.[3]
Assuming, arguendo, that the provisions of MTC § 28(d)(4)(B) apply to expert witnesses from prior accidents, Defendant’s *242 argument ignores the plain language of the rule:
The foregoing notwithstanding, if the witness to be disclosed hereunder is a health care provider who has rendered care or treatment to the plaintiff ... then the disclosure obligations under this section may be satisfied by disclosure to the parties of the medical records and reports of such care or treatment, or by the furnishing to opposing parties of sufficient authorization to obtain such records and reports. A witness disclosed wider this subsection shall be permitted to offer expert opinion testimony at trial as to any opinion as to which fair notice is given in the disclosed medical records or reports.
MTC § 28(d)(4) (emphasis added). The obvious intent is to simplify the information to be disclosed and avoid the necessity of quoting at length every medical report arising out of Plaintiffs treatment, not to delete the clear and unequivocal requirement that a party must “disclose the name of that expert.” MTC § 28(d)(4).
In this case, the Court is inclined to follow’ the well-reasoned opinion of Judge Beilis when confronted with a similar disclosure of an institution as an expert witness. If the Defendant intends to call representatives of the institutions to testify as to “their findings and the findings of other experts and the significance of their findings in connection with the injuries claimed by the plaintiff, the disclosure is inadequate.” On the other hand:
If in fact any of the providers disclosed are intended to be called as record keepers only and not as experts expected to testify at trial, the disclosure should be amended to reflect that.

. Yale New Haven Hospital, St. Raphael's Hospital, and Milford Hospital.

. Yale Medical Group.

. MRCP § 28(d)(4)(B).